UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

       v.                        Case No. 2:12-cv-1060
                                  JUDGE GREGORY L. FROST
                                  Magistrate Judge Terence P. Kemp

MUHAMMAD FARID EDWARDS, et al.,

        Defendants.

**OPINION AND ORDER**

       This matter is before the Court for consideration of Defendant I.S.M.B.A., Inc.'s motion for reconsideration (ECF No. 80), Plaintiff's response (ECF No. 82), and I.S.M.B.A., Inc.'s reply memorandum (ECF No. 83.)  For the reasons that follow, the Court **GRANTS** the motion.

       On August 4, 2014, this Court issued an Opinion and Order in which the Court held that Plaintiff was entitled to foreclose on the Headley Road property involved in this case and that Plaintiff holds a first priority lien.  (ECF No. 78.)  Consequently, the Court granted the motion for summary judgment filed by Plaintiff (ECF No. 54) and denied the motions for summary judgment filed by Defendants I.S.M.B.A., Inc. ("I.S.M.B.A.") (ECF No. 56) and Muhammad Farid Edwards (ECF No. 57).  Plaintiff asks the Court to reconsider that Opinion and Order.

       As a threshold point, the Court notes that no reconsideration of a final judgment is involved.  This Court's August 4, 2014 Opinion and Order resolved the federal income tax assessments for tax years 1998, 1999, 2008, and 2010, as well as enabling foreclosure of the Headley Road property to satisfy the relevant liens.  Pursuant to Plaintiff's briefing, however, the Court did not issue a judgment, but permitted Plaintiff to submit a proposed judgment entry.  The

1

motion for reconsideration therefore targets an interlocutory order, thereby excluding Federal Rule of Civil Procedure 59 from today's analysis.

Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for a district court to hear such motions is found in both the common law and in Federal Rule of Civil Procedure 54(b). *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id.* at 959 (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

Plaintiff has introduced an oddity into today's application of this standard because Plaintiff has failed to present an argument in opposition to the requested reconsideration. Following the filing of the motion for reconsideration, this Court held an August 20, 2014 telephone status conference. As a result of discussions held during that conference and as memorialized in an order filed that same day, the Court issued a briefing schedule on the motion for reconsideration. That briefing schedule permitted Plaintiff to file a memorandum in opposition on or before September 17, 2014. (ECF No. 81.) Rather than file a memorandum in opposition, however, Plaintiff elected to file only a declaration with various attachments. (ECF No. 82.) That declaration is by Plaintiff's counsel, who informs the Court of the representation and her employment statement in a paragraph A and then lists attached exhibits in a paragraph B. The forty-five pages of attached exhibits include a second copy of the declaration and various discovery documents involved in this case.

It is unclear whether Plaintiff intended to "oppose" the motion for reconsideration in such a curious manner or whether Plaintiff's response is simply the bungled product of incompetent filing left uncorrected by neglect of the duty to ensure that what was filed was what was intended to be filed. What is clear is that Plaintiff has failed to present any substantive argument in opposition to the motion for reconsideration. Despite this shortcoming, I.S.M.B.A. mounts a counter-argument to Plaintiff's unexplained materials in its reply memorandum. The Court will reference the substance of this counter-argument below, but it bears mentioning as an additional threshold matter that this Court is under no obligation to engage in any attempt at divination to uncover Plaintiff's unexpressed argument, assuming that Plaintiff has indeed thought of an argument.

The lack of an obligation to parse the record for an unmade argument is because"[i]t is neither this Court's role nor its desire to litigate a case on behalf of any party." *Younker v. Ohio Dep't Rehab. & Corr.*, No. 2:13–cv–746, 2014 WL 559250, at *2 (S.D. Ohio Feb.11, 2014). Rather, " '[t]his Court is in the business of resolving the legal arguments presented to it, not in creating a party's inferred argument for [the party] and then passing judgment on it.' " *Lott v. Havar, Inc.*, No. 2:12–cv–608, 2013 WL 2468351, at *4 (S.D. Ohio June 7, 2013) (quoting *Lyon v. Yellow Transp., Inc.*, No. 2:08-cv-464, 2009 WL 1604807, at *15 (S.D. Ohio June 8, 2009)). In other words, "just as this Court 'has no duty when deciding a motion for summary judgment to scour the record for evidence to support a [party's] claims,' the Court has no duty to search the record for evidence that might be harmful to a party's claims" or to wade through unexplained material in search of content that could be used against a motion for reconsideration. *Crabtree v. Johnson*, No. 2:12-cv-1206, 2014 WL 4249854, at *5 (S.D. Ohio Aug. 27, 2014) (quoting *BAC*

*Homes Loans Serv., L.P. v. Fall Oaks Farm LLC*, No. 2:11–cv–274, 2013 WL 139887, at *2 (S.D. Ohio Jan. 10, 2013)). Consequently, as a result of a dubious strategic choice or simply sloppy lawyering, Plaintiff is stuck with the position into which it has placed itself: not having a voice in the reconsideration determination. *See Magnum Towing & Recovery v. City of Toledo*, 287 F. App'x 442, 449 (6th Cir. 2008) ("It is not the district court's . . . duty to search through the record to develop a party's claims; the litigant must direct the court to evidence in support of its arguments before the court."); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989) ("A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim.").

Turning to the motion for reconsideration, the Court determines that it is meritorious. This Court previously held that because federal tax liens arise at the time the assessments are made, I.S.M.B.A.'s pre-assessment interest would take priority over the interest established by Plaintiff's liens but for operation of the relevant statute of limitations. In the summary judgment briefing, the parties argued over the effect of the statute of limitations, but oddly enough focused on the wrong document. It was not the assignment agreement between I.S.M.B.A. and the bank that mattered for limitations purposes, but the note and mortgage; the agreement simply gave I.S.M.B.A. the ability to act on a default on the note. The apparent lack of action by I.S.M.B.A. for the duration of the Ohio Revised Code § 2305.06 limitations period meant that I.S.M.B.S. lost its first priority status. This led to the Court's prior conclusion that "[i]n the absence of a first priority lien held by I.S.M.B.A., Plaintiff is therefore entitled to foreclose on the Headley Road property and has first priority." (ECF No. 78, at Page ID # 852.)

Three points are warranted. The first point is that the statute of limitations is relevant to the note and mortgage. I.S.M.B.A. asserts in its reconsideration briefing that the statute of limitations debate in the summary judgment briefing properly focused on the assignment because that was Plaintiff's focus. The generally poor briefing on the issue was a bit confusing to the Court in that the parties were fighting over something that did not matter while only obliquely—and perhaps even accidentally—touching upon the actual limitations argument that mattered. The Court thus understood that when Plaintiff spoke of I.S.M.B.A. being time-barred from "enforcing the Assignment," Plaintiff must have meant that I.S.M.B.A. was time-barred from asserting its rights obtained via the assignment—in other words, from acting on its assigned right to act on the default on the note. Otherwise, Plaintiff's argument and the parties' briefing would have made little sense.

The second necessary point is that this Court was incorrect when it stated that the last payments that Edwards made to I.S.M.B.A. were sometime in 1995 and that the statute of limitations ran from that date. The parties' inexplicable actions induced this factual error. Plaintiff asserted in its summary judgment briefing that "no payments of any kind, including interest, have been made since 1995" and directed this Court to a deposition excerpt that supported the statement. (ECF No. 60, at Page ID # 697; ECF No. 66, at Page ID # 804.) Notably, I.S.M.B.A. did not dispute this representation in the summary judgment briefing.

I.S.M.B.A. now informs the Court that another deposition excerpt indicates that Edwards made payments to I.S.M.B.A. in 2005. It would have been useful had I.S.M.B.A. bothered to direct the Court to the relevant parts of the record at the appropriate time instead of relying on this Court to engage in the scouring of the record and the formulation of arguments that, as noted

5

above, is not the obligation of this Court. Equally confusing is the fact that I.S.M.B.A. also now directs this Court to five cancelled checks from the 2005-2006 time period that indicate these payments and five corresponding bank statements indicating the deposit of these checks into I.S.M.B.A.'s account. In light of this evidence, I.S.M.B.A. accuses Plaintiff of poor practice because Plaintiff produced the evidence in discovery. Despite I.S.M.B.A.'s hollow contention otherwise, this production does not excuse I.S.M.B.A.'s failure to point to this evidence during the summary judgment proceedings. Although conveniently omitting any mention of its own culpability in creating the present fiasco, I.S.M.B.A. certainly knew of the checks it had received and the deposits it had made, regardless of which party supplied the physical evidence in discovery.

The Court is therefore left with Plaintiff having made an argument based on a factual representation that the evidence Plaintiff held flatly contradicted. This Court is also left with I.S.M.B.A. having failed to correct that misrepresentation when it was made and only bothering to rely on the evidence after the fact. I.S.M.B.A. of course assigns the blame to Plaintiff, and Plaintiff's failure to file a substantive reconsideration response leaves Plaintiff's conduct unexplained. This is not a proud moment for either party.

I.S.M.B.A. attempts to construe and respond to an argument against itself, interpreting the material that Plaintiff filed as its reconsideration response to suggest that Plaintiff had relied on discovery answers by Defendant that denied any payments later than 1995. Defendant then explains why it should be excused from the error it made in those discovery responses, without satisfactorily explaining how such an error occurred. I.S.M.B.A. also seeks to evade responsibility by focusing on the fact that Plaintiff apparently submitted and relied upon the

6

deposition transcript of Hanief Edwards without having had presented it to him for review and correction. Again, I.S.M.B.A. could and should have raised this issue far earlier in this litigation.

The third necessary point is that regardless of whose fault it was that induced the prior factual error and the consequent mistaken legal conclusion arising from that error, the evidence now presented to this Court necessitates action to prevent manifest injustice. This Court does not care which party is more at fault, which party may have acted with poor intent, or which party may have acted out of poor lawyering. The Court is also not concerned about poor interrogatory practice or whether, due to a possible filing error, Plaintiff has again failed to present this Court with useful information. What this Court cares about is what the facts are and what the legal consequences of those facts are.

The facts indicate that Edwards last made payments to I.S.M.B.A. in 2006. The relevant statute of limitations has not run. Thus, I.S.M.B.A. has a lien that takes priority over Plaintiff's liens. To not recognize this would be to effectuate a manifest injustice. Accordingly, reconsideration is warranted.

This Court therefore **GRANTS** the motion for reconsideration (ECF No. 80) and **MODIFIES** the August 4, 2014 Opinion and Order accordingly (ECF No. 78). The end result of this reconsideration and modification is that Plaintiff is entitled to have this Court reduce to judgment the federal income tax assessments for tax years 1998, 1999, 2008, and 2010. Plaintiff is also able to foreclose on the Headley Road property in an attempt to satisfy the relevant liens, but it does not appear that such a sale would result in the recovery of any money for Plaintiff in light of the value of the property and I.S.M.B.A.'s first priority lien.

This raises the issue of whether Plaintiff still seeks to effectuate what appears to be a

largely pointless foreclosure.  In accordance with Plaintiff's prior request, this Court will permit Plaintiff to submit a proposed judgment entry on or before October 15, 2014, with the proposed judgment containing the modified outcome set forth herein.  In order to discuss any and all remaining issues and the proposed judgment entry, the Court schedules a telephone status conference for October 24, 2014, at 12:00 p.m.  This Court will provide the parties with call-in information via email.

    **IT IS SO ORDERED**.

          /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE